On June 20, 1975 the court issued the following order:
*965 ■ Before SkeltoN, Judge, Presiding, Kttnzig and Bennett, Judges.-
“This case comes before the court on defendant’s request for review of the order of the trial judge dated May 2, 1975, which stated, among other things:
1. In pursuance of the adjudicated liability of the defendant United States, through the Department of Interior, to make payments, in lawful amount, of the income of the Hoopa Valley Reservation to those of the plaintiffs entitled to recover in this case, and the duty of the Government as defendant to confess judgment in favor of those of plaintiffs whom it deems entitled to recover, the Government as defendant is directed to devote all reasonable efforts towards identifying and recognizing those plaintiffs entitled to recover, including without limitation the provision of assistance to plaintiffs in the gathering and processing of the questionnaires now being circulated to plaintiffs to show their eligibility to recover.
In light of the adjudicated error of United States as trustee in making payments, since at least 1958, to a group smaller than those entitled, it is incumbent upon defendant to exert its best efforts to expedite the recognition or litigation of questions of eligibility which remain for disposition in this case.
¡fc Sji
4. The defendant and the Intervenor are directed within 3 months to file a statement of the standards— blood, residence and any others — they propose to espouse to govern the determination of eligibility. The plaintiffs are within two months thereafter to file a responsive memorandum.
“Defendant’s request for review and plaintiffs’ response thereto have been submitted to the court on briefs without oral argument. Upon consideration thereof, the court is of the opinion that notwithstanding the prior decision of this court [202 Ct. Cl. 870, 486 F. 2d 561 (1973), cert denied, 416 U.S. 961 (1974)], adjudicating liability of the United States to make payments, in lawful amount, of the income of the Hoopa Valley Reservation to those plaintiffs entitled to receive them, the case is still an adversary proceeding by a number of individuals against the Government, and these individuals have the burden of proving their entitlement to payments; the Government does not have this burden. The *966 Government has no obligation to these plaintiffs except to make available to them such pertinent records as are available to the Government. The plaintiffs must prove their own claims and the Government is not required to make such proof for them, and this court is without authority to require the Government to prosecute the claims of the plaintiffs for them.
“It is therefore concluded and ordered that defendant’s request for review is granted and the order of the trial judge of May 2, 1975, is set aside and the case is remanded to the trial judge for further proceedings in accordance with this order.”